## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:** <br> **32-34 Cutts Street, Biddeford, ME 04005** |
| **Dean A. Lessard a/k/a Dean Lessard** | **Mortgage:** <br> **September 24, 2008** |
| **Defendant** | **Book 15495, Page 218** |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Dean A. Lessard a/k/a Dean Lessard, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Dean A. Lessard a/k/a Dean Lessard, is the obligor and the total amount owed under the terms of the Note is Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100 ($263,434.92) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in

controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a national association with its principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892.

5. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is a resident of Biddeford, County of York and State of Maine.

## FACTS

6. On September 30, 1992, by virtue of a Warranty Deed from S.B.M. Corporation, which is recorded in the York County Registry of Deeds in **Book 6268, Page 296**, the property situated at 32-34 Cutts Street, Biddeford, County of York, and State of Maine, was conveyed to the Defendant, Dean A. Lessard a/k/a Dean Lessard, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On September 24, 2008, the Defendant, Dean A. Lessard a/k/a Dean Lessard, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $179,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8.  To secure said Note, on September 24, 2008, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Sidus Financial, LLC, securing the property located at 32-34 Cutts Street, Biddeford, ME 04005, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15495**, **Page 218**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9.  The Mortgage was then assigned to CitiMortgage, Inc. by virtue of an Assignment of Mortgage, dated January 4, 2013, and recorded in the York County Registry of Deeds in **Book 16508**, **Page 93**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated February 12, 2014, and recorded in the York County Registry of Deeds in **Book 16776**, **Page 888**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On August 20, 2014, the Defendant, Dean A. Lessard a/k/a Dean Lessard, executed a Loan Modification Agreement which increased the principal amount of the Note to $204,954.22 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment, dated May 14, 2018, and recorded in the York County Registry of Deeds in **Book 17748**, **Page 558**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On April 4, 2019, the Defendant, Dean A. Lessard a/k/a Dean Lessard, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after

referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Dean A. Lessard a/k/a Dean Lessard, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

15. The Defendant, Dean A. Lessard a/k/a Dean Lessard, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

19. The total debt owed under the Note and Mortgage as of July 5, 2019 is Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100 ($263,434.92) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $149,270.00 |
| Interest | $34,018.95 |
| Escrow Advance | $23,868.53 |
| Deferred Late Charges | $56.84 |
| Corporate Advance | $56,220.60 |
| Grand Total | $263,434.92 |

20. Upon information and belief, the Defendant, Dean A. Lessard a/k/a Dean Lessard, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related Mortgage and title located at 32-34 Cutts Street, Biddeford, County of York, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

24. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2014, and

all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of July 5, 2019 is Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100 ($263,434.92) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $149,270.00 |
| Interest | $34,018.95 |
| Escrow Advance | $23,868.53 |
| Deferred Late Charges | $56.84 |
| Corporate Advance | $56,220.60 |
| Grand Total | $263,434.92 |

27. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Dean A. Lessard a/k/a Dean Lessard, on April 4, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

30. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On September 24, 2008, the Defendant, Dean A. Lessard a/k/a Dean Lessard, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $179,000.00. *See* Exhibit B.

33. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is in default for failure to properly tender the September 1, 2014 payment and all subsequent payments. *See* Exhibit H.

34. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Dean A. Lessard a/k/a Dean Lessard.

35. The Defendant, Dean A. Lessard a/k/a Dean Lessard, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Dean A. Lessard a/k/a Dean Lessard's breach is knowing, willful, and continuing.

37. The Defendant Dean A. Lessard a/k/a Dean Lessard's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of July 5, 2019, if no payments are made, is Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100 ($263,434.92) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $149,270.00 |
| Interest | $34,018.95 |
| Escrow Advance | $23,868.53 |
| Deferred Late Charges | $56.84 |
| Corporate Advance | $56,220.60 |
| Grand Total | $263,434.92 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Dean A. Lessard a/k/a Dean Lessard, entered into a written contract with Sidus Financial, LLC who agreed to loan the amount of $179,000.00 to the Defendant.  *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Dean A. Lessard a/k/a Dean Lessard, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

43. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Sidus Financial, LLC, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Dean A. Lessard a/k/a Dean Lessard, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2014 payment and all subsequent payments.  *See* Exhibit H.

45. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Dean A. Lessard a/k/a Dean Lessard.

46. The Defendant, Dean A. Lessard a/k/a Dean Lessard, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is indebted to Federal National Mortgage Association in the sum of Two Hundred Sixty-Three Thousand Four Hundred

Thirty-Four and 92/100 ($263,434.92) Dollars, for money lent by the Plaintiff, Federal

National Mortgage Association, to the Defendant.

48. Defendant Dean A. Lessard a/k/a Dean Lessard's breach is knowing, willful, and

continuing.

49. Defendant Dean A. Lessard a/k/a Dean Lessard's breach has caused Plaintiff, Federal

National Mortgage Association, to suffer actual damages, including, but not limited to

money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of July 5, 2019, if no payments are

made, is Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100

($263,434.92) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $149,270.00 |
| Interest | $34,018.95 |
| Escrow Advance | $23,868.53 |
| Deferred Late Charges | $56.84 |
| Corporate Advance | $56,220.60 |
| Grand Total | $263,434.92 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the

Note and Mortgage, and for money had and received, including interest, plus costs and

expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1

through 51 as if fully set forth herein.

53. Sidus Financial, LLC, predecessor-in-interest to Federal National Mortgage Association,

loaned Defendant, Dean A. Lessard a/k/a Dean Lessard, $179,000.00.  *See* Exhibit B.

54. The Defendant, Dean A. Lessard a/k/a Dean Lessard, is in default for failure to properly tender the September 1, 2014 payment and all subsequent payments. *See* Exhibit H.

55. As a result of the Defendant Dean A. Lessard a/k/a Dean Lessard's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal National Mortgage Association.

56. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

57. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Sidus Financial, LLC, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Dean A. Lessard a/k/a Dean Lessard, $179,000.00. *See* Exhibit B.

59. The Defendant, Dean A. Lessard a/k/a Dean Lessard, has failed to repay the loan obligation.

60. As a result, the Defendant, Dean A. Lessard a/k/a Dean Lessard, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Sidus Financial, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, is in breach of the Note by failing to make payment due as of September 1, 2014, and all subsequent payments;

d) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, is in breach of the Mortgage by failing to make payment due as of September 1, 2014, and all subsequent payments;

e) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due September 1, 2014 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Dean A. Lessard a/k/a Dean Lessard has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Dean A. Lessard a/k/a Dean Lessard, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Dean A. Lessard a/k/a Dean Lessard, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Dean A. Lessard a/k/a Dean Lessard;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Dean A. Lessard a/k/a Dean Lessard, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Sixty-Three Thousand Four Hundred Thirty-Four and 92/100 ($263,434.92) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.


Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: July 1, 2019

/s/ Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com